USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/27/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTOINE ROSS,

                          Plaintiff,

-v-

CAPTAIN DION WILLIS, CORRECTION OFFICER
GEORGE, SHIELD #732, CORRECTION OFFICER
GENOVES, SHIELD #17683, and CITY OF NEW YORK,

                          Defendants.

16 Civ. 6704 (PAE) (KNF)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

*Pro se* plaintiff Antoine Ross brings this action under 42 U.S.C. § 1983 alleging that his constitutional rights were violated when correctional officers on Riker's Island sprayed him in the face with an MK-9 chemical agent in an effort to produce him for a court appearance, which caused him significant distress because of his asthma. The City of New York (the "City") moved to dismiss the § 1983 claims brought against the City, which rely on a theory of *Monell* liability. Pending now is the March 11, 2019 Report and Recommendation of the Honorable Kevin Nathaniel Fox, United States Magistrate Judge, recommending that the Court grant the motion to dismiss. Dkt. 52 ("Report"). For the following reasons, the Court adopts the Report as to its findings on *Monell* liability and grants the City's motion to dismiss.

**I.    Background**

The Court incorporates by reference the summary of facts provided in the Report, to which no party objects. *See* Report at 1–3.

On August 25, 2016, Ross filed an initial complaint naming the City, Captain Dion Willis, and three John Doe officers as defendants. Dkt. 2. On November 1, 2016, the case was assigned to this Court.

1

On May 11, 2017, the Court directed the New York City Law Department to provide Ross with the identities of the John Doe defendants and directed Ross to file an amended complaint upon receipt of their identities. Dkt. 12. On June 2, 2017, Ross filed an amended complaint again listing three John Doe defendants. Dkt. 14. On June 26, 2017, this Court ordered Ross to file a second amended complaint naming the correctional officers that had been identified to him, Dkt. 21, and referred the case to Judge Fox for general pretrial, Dkt. 20.

On August 24, 2017, Judge Fox granted the City's motion to stay the case pending a New York City Department of Corrections investigation into the incident. Dkt. 28. On November 1, 2017, Ross filed a second amended complaint which named the individual officers. Dkt. 34. On November 14, 2017, the City filed a motion to dismiss Ross's claims against the City, Dkt. 35, and a supporting memorandum of law, Dkt. 36. On December 28, 2017, Ross filed a third amended complaint, Dkt. 39, and on January 5, 2018, filed a fourth amended complaint, Dkt. 40.

On November 14, 2018, the Court directed defendants to inform the Court whether, in light of the fourth amended complaint, they intended to rely on their original motion to dismiss, and to notify the Court if there was any reason the stay should not be lifted. Dkt. 44. On November 20, 2018, the City informed the Court that it intended to rely on its original motion to dismiss, Dkt. 45, and the Court lifted the stay, Dkt. 47. The Court referred the pending motion to dismiss to Judge Fox. Dkt. 46.

Ross responded to the City's motion to dismiss through the series of letters dated December 3, 2018, Dkt. 51, December 17, 2018, Dkt. 49, and December 22, 2018, Dkt. 50. On March 11, 2019, Judge Fox issued the Report, recommending that the Court grant the motion to dismiss. The deadline for the parties to file objections to the Report was March 26, 2019. *See* Dkt. 52. To date, no objections have been filed.

## II. Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As neither party has submitted objections to the Report,[1] review for clear error is appropriate. Because the Report explicitly states that "[f]ailure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review," Report at 7, both parties' failure to object operates as a waiver of appellate review, *see Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

Careful review of Judge Fox's Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety.[2]

---

[1] The letter from Ross docketed after the filing of the Report, Dkt. 53, is dated December 3, 2018, but was docketed only on March 14, 2019.

[2] Judge Fox recommended that the motion to dismiss be granted on the grounds—which the Court, on its independent review of the pleadings, finds persuasive—that any unconstitutional conduct by the officers was not attributable to a policy of the City. Judge Fox notably did not conclude that the conduct by the officers themselves was necessarily lawful. The Court therefore has no occasion at this stage to consider the legal standard applicable to Ross's claims, which survive, against the individual defendants. The Court notes that, were Ross a pretrial detainee at the time of the alleged incident, his excessive force claim might be governed by the objective standard of *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472–73 (2015), under which "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively

3

## CONCLUSION

For the reasons articulated in the Report, the Court dismisses Ross's claim against the City with prejudice. The Clerk of Court is respectfully requested to terminate the motion pending at Dkt. 35, terminate the City of New York as a defendant, and mail a copy of this decision to Ross at the address on file.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: March 27, 2019
       New York, New York

---

unreasonable" rather than the standard utilized in the Report which has subjective and objective dimensions. *See* Report at 5 (citing *Blydon v. Mancusi*, 186 F.3d 252, 262–63 (2d Cir. 1999)). Depending on the future course of this litigation, due attention may be warranted as to whether Ross is properly so classified.