UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ANTOINE ROSS,

                                            Plaintiff,  ~~PROPOSED~~ **PROTECTIVE ORDER**

              -against-

                                            16 Civ. 6704 (PAE) (KNF)

CAPTAIN DION WILLIS, ET AL.,

                                            Defendants.

------------------------------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED 12/30/19

       **WHEREAS**, pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties in the above-captioned action intend to produce certain documents that they deem to be confidential or otherwise inappropriate for public disclosure; and

       **WHEREAS**, the parties seek to ensure that the confidentiality of these documents and information remains protected; and

       **WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

       **NOW, THEREFORE**, it is hereby ordered and adjudged, as follows:

       1. "This Action" shall mean <u>Antoine Ross v. Captain Dion Willis, shield #732; Correction Officer Rochaurd George, shield #18912; Correction Officer Sadoc Genoves, shield #17683</u>, 16-Civ.-6704 (PAE) (KNF) filed in the Southern District of New York.

       2. As used herein, without waiving the right to later interpose objections concerning these documents and information, "Confidential Materials" shall mean:

              a. New York City Department of Correction personnel and disciplinary-related records, and records of investigations

1

regarding the conduct of employees of the DOC conducted by the DOC, Inspector General, or other agencies;

    b. Plaintiff's medical records;

    c. Documents that the parties agree in writing should be designated "Confidential Materials" based on a good faith belief that they should be treated as "Confidential Materials;" and

    d. Documents designated by the Court as confidential.

3. As used herein, "Producing Party" shall mean the party conveying documents or information and the party requesting that a particular document or information contained therein be deemed confidential. "Receiving Party" shall mean any party who is not the "Producing Party," as defined herein, for that document or information.

4. In order to designate documents or other material as "Confidential" within the meaning of this Protective Order, the Producing Party may affix the legend "Confidential" to the documents or material in a manner so as not to interfere with the legibility thereof, and/or may designate such documents by title, Bates number, or other method reasonably calculated to give notice of the confidentiality designation in a writing directed to all parties. The Producing Party reserves the right to designate any document confidential pursuant to this agreement, if necessary, after production of such documents to the Receiving Party.

5. A Receiving Party shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

    a. Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Action.

b.  Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

c.  Defendants' attorneys may also disclose the Confidential Materials to the DOC, the New York City Comptroller's Office, and the New York City Mayor's Office, solely in connection with the defense or settlement of this Action.

d.  Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), the Receiving Party shall provide each such person with a copy of this Protective Order, and such person shall consent, in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense or settlement of the action and not to make further disclosure of the Confidential Materials, except in testimony taken in the action. The Receiving Party making such disclosure shall retain the signed consent and furnish a copy to the Producing Party upon request at a deposition or immediately before trial, although the name of an expert that the Receiving Party does not intend to call as a trial witness may be redacted from such consent before it is produced.

e.  Disclosure of medical records deemed "Confidential" under this Stipulation may also be made to any individual who provided the treatment described in the records or to a member of the staff of the

hospital, doctor's office, or medical provider where the treatment was rendered.

6. The Producing Party may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all parties of record, in writing, within 30 days of receipt of the transcript, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event the party receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party.

7. If the Receiving Party objects to the designation of any particular document as Confidential Material, the Receiving Party shall state such objection in writing to the Producing Party, and the parties shall in good faith attempt to resolve such objection. If the objection cannot be resolved among the parties, the Receiving Party, within 30 days of the initial objection, may request that the Court remove the designation. Any such materials or information shall remain Confidential until the parties resolve the objection or there is a resolution of the designation by the Court.

8. Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request. No materials shall

4

be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal. *A redacted version of any document filed under seal shall be filed with the Clerk of Court, so that the public may access it.* (KNF)

9.  Nothing in this Order shall be construed to limit a party's use of its own Confidential Materials in any manner, or to limit the use of Confidential Materials or their contents to the extent that they are publicly available or have been obtained through other lawful means, such as a Freedom of Information Law ("FOIL") request.

10. Within 30 days after the termination of this Action, including any appeals, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), shall be returned to the Producing Party or, upon the Producing Party's consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to the Producing Party; except that the Receiving Party's attorney shall retain one copy of the Confidential Materials, and any Confidential Materials containing the Receiving Party's attorney's work product, to the extent required to comply with applicable law or regulation, so long as appropriate and reasonable safeguards are imposed to prevent the use of the Confidential Materials for any other purpose.

11. The Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO ORDERED: 12/26/19

*/s/ Kevin Nathaniel Fox*

Hon. Kevin Nathaniel Fox
United States Magistrate Judge

## EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Protective Order entered in the United States District Court for the Southern District of New York dated _____, in the action entitled <u>Antoine Ross v. Captain Dion Willis, et al.</u>, 16 Civ. 6704 (PAE) (KNF) and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with this Action, and will not further disclose the Confidential Materials except in testimony taken in this Action.

_____        _____
Date                                                                Signature

                                                                    _____
                                                                    Print Name

                                                                    _____
                                                                    Occupation