

<table>
<tr><td>**JAMES E. JOHNSON**<br>*Corporation Counsel*</td><td>THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007</td><td>**JOSHUA A. WEINER**<br>*Senior Counsel*<br>Phone: (212) 356-2249<br>Fax: (212) 356-3509<br>jweiner@law.nyc.gov</td></tr>
</table>

July 13, 2020

**BY ECF**
Honorable Kevin N. Fox
United States Magistrate Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

    Re: <u>Antoine Ross v. Captain Dion Willis, et al.</u>,
       16-CV-6704 (PAE) (KNF)

Your Honor:

  I am a Senior Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, and attorney for non-party City of New York ("City") in the above-referenced matter. The City writes to respectfully request a pre-motion conference to discuss its anticipated motion to quash Plaintiff's subpoena directed to the New York City Department of Corrections ("DOC") seeking a deposition pursuant to Fed. R. Civ. P. 30(b)(6). As discussed further below, the topics listed for the proposed deposition – in a case where Plaintiff's <u>Monell</u> claim has been dismissed -- are irrelevant to the resolution of this litigation, unnecessarily cumulative, and unduly burdensome.

**I. Background**

  By way of background, Plaintiff alleges that, on June 14, 2016, Defendant DOC Captain Dion Willis used excessive force in spraying Plaintiff with a chemical agent in an attempt to produce Plaintiff for a court hearing, causing exacerbation of Plaintiff's allegedly severe asthma. (Fifth Am. Compl. p. 1. (ECF No. 59) Plaintiff further contends that Defendant DOC Correction Officers Genoves and George failed to intervene to prevent Defendant Willis from spraying Plaintiff. (<u>See</u> <u>id</u>.)

  The purported claims against the City pursuant to <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658 (1978), were previously dismissed. (ECF No. 54.) Nevertheless, on June 2, 2020, Plaintiff served a subpoena *duces tecum* on DOC for documents that Plaintiff purported were relevant to his claims, including the following: (1) "DOC's policies…relating to the use of

chemical agents"; (2) "DOC's policies…relating to the production of inmates for court"; (3) "DOC's policies… relating to recordation of or camera usage in connection with cell extractions, probe teams, uses of force, or anticipated uses of force"; (4) "DOC's policies…relating to Use of Force Reports"…(5) "DOC policies… relating to the discipline of corrections officers who commit more than one violation of DOC's rules"; and (6) DOC's policies "referenced in the Investigation Division's report on Case Number U2228/16 (the June 14, 2016 incident)." (See Exhibit A.)  In an effort to avoid a dispute, DOC produced the policies responsive to Plaintiff's requested categories, with the exception of its policies pertaining to officer discipline.[1]  DOC's production consisted of 10 policies and 120 pages.[2]

However, on June 24, 2020,[3] Plaintiff served yet another subpoena on DOC, this time requesting a deposition pursuant to Fed. R. Civ. P. 30(b)(6), to obtain testimony on seven topics, six of which were the subject of the earlier subpoena *duces tecum*, and twenty-three (23) subtopics.  (See Exhibit B.) The City has conferred with Plaintiff in good faith to attempt to resolve the dispute concerning the subpoena, but the conferrals have been unsuccessful, thus necessitating intervention by the Court.

## II.     Plaintiff Cannot Seek Discovery Concerning a Non-Existent Monell Claim.

The deposition testimony Plaintiff seeks to elicit falls squarely within the realm of Monell discovery. However, Plaintiff's Monell claim has been dismissed and he has no other claims against the City of New York.  Quite simply, such testimony is inappropriate given the fact that there is no Monell claim.  Further, Plaintiff cannot use a non-party deposition as a means for gathering discovery for "an as yet unasserted…claim." Neogenix Oncology, Inc. v. Gordon, CV 14-4427 (JFB) (AKT), 2017 U.S. Dist. LEXIS 49293, at *31 (E.D.N.Y. Mar. 31, 2017).  Accordingly, Plaintiff's subpoena should be quashed.

## III.    Plaintiff's Subpoena is Not Proportional to the Needs of the Case and Unduly Burdensome.

A Rule 30(b)(6) subpoena is subject to the limitations of Rule 26, Dealer Computer Servs. v. Curry, 12 Civ. 3457 (JMF) (JLC), 2013 U.S. Dist. LEXIS 18315, at *3-4 (S.D.N.Y. Feb. 7, 2013), which means that it must be relevant and proportional to the needs of the case under Rule 26(b)(1) and not unduly burdensome under Rule 26(c)(1).  "Courts have found Rule 30(b)(6) notices to be unduly burdensome which merely request the duplication of other information already obtained through other discovery methods." Dongguk Univ. v. Yale Univ., 270 F.R.D. 70, 74 (D.Conn. 2010) (citing cases); see also Tri-State Hosp. Supply Corp. v. United States, 226 F.R.D. 118, 126 (D.D.C. 2005) (because Rule 30(b)(6) depositions, by their nature, are time consuming and inefficient, they should "be productive and not simply an excuse to seek information that is already known.").

---

[1] Plaintiff, to this point, has not sought such policies over DOC's objections.

[2] Specifically, the following policies were produced: Reporting Unusual Incidents Directive 5000R-A; Operations Order 14-07 Pepperball System; Operations Order 09-98 Facility Review of Use of Forces in CPSU; Operations Order 16-99 Deploying Escort and Extraction Teams; Revised Operations Order 16-99 Deploying Escort and Extraction Teams; Operations Order 06-15 Recording Equipment, Medium, and Electronic Evidence; Operations Order 50-88 Use of Force – Delivery of Prisoners to Court; Chemical Agents Directive 4510R-G; Use of Force Directive 50006R-C; and DOC Rules and Regulations Chapter 3 and 4.

[3] This Office was given notice of the subpoena by email on Friday, June 19, 2020, at 6:07 pm.

Here, Plaintiff contends that a wide-ranging Rule 30(b)(6) deposition of DOC is justified because DOC policies pertaining to the use of force, are relevant to whether the individual Defendants' actions were "objectively reasonable" for purposes of an excessive force claim.[4] However, Plaintiff is mistaken, as the Constitution and the binding case law interpreting the Constitution -- not DOC policies -- sets the standard for objective reasonableness in a Section 1983 excessive force claim. See Callahan v. Wilson, 863 F.3d 144, 153 (2d Cir. 2017) (excluding expert testimony concerning whether the defendant officers acted in accordance with the municipality's training protocols, and/or whether the officers were properly trained, on the basis that the evidence was not relevant to the dispositive issue of whether a defendant officer used excessive force). As such, the proposed Rule 30(b)(6) subpoena is irrelevant and should be quashed.

However, even if certain of DOC's policies regarding the use of force have some negligible relevance to Plaintiff's excessive force claim, a sweeping Rule 30(b)(6) deposition is not proportional to the needs of the case. Given the production of DOC's written ***policies regarding nearly every one of the topics noticed for the deposition***, Plaintiff is already in possession of the information he seeks by way of deposition, rendering Plaintiff's proposed deposition unnecessarily cumulative. See Janki Bai Sahu v. Union Carbide Corp., No. 04 Civ. 8825 (JFK), 2010 U.S. Dist. LEXIS 23860, at *9-10 (S.D.N.Y. Mar. 15, 2010) (denying Rule 30(b)(6) deposition where "deposition would be unreasonably cumulative or duplicative" of documentary evidence already produced."); West Virginia ex rel McGraw v. Eli Lilly & Co. (In re Zyprexa Prods. Liab. Litig.), 04-MD-1596 (JBW); 06-CV-5826 (JBW), 2009 U.S. Dist. LEXIS 77665, at *84-85 (E.D.N.Y. Feb. 18, 2009) (denying Rule 30(b)(6) deposition on grounds it would have been cumulative of documentary evidence already produced); see also Fed. R. Civ. P. 26(b)(1) (proportionality analysis includes "the parties' relative access to relevant information"). What is more, Defendants have produced the DOC Investigation Division's report regarding the June 14, 2016 incident, which sets forth the DOC policies applicable to the June 14, 2016 incident and DOC's analysis regarding whether such policies were violated. Indeed, it is hard to fathom what additional information Plaintiff is seeking in this deposition that he does not already have. Plaintiff's subpoena, therefore, should be quashed.

Finally, a Rule 30(b)(6) deposition as sought by Plaintiff would be unduly burdensome given its irrelevance. In light of the overly broad nature of Plaintiff's proposed deposition, DOC would be forced to prepare and produce no fewer than four deponents to cover all of the topics and subtopics. Compelling DOC to incur that burden where resources are already exhausted in light of DOC obligation to respond to the ongoing global pandemic, and where the City is not a party, is simply unreasonable. Plaintiff's subpoena should be quashed for this reason, as well.

Accordingly, for the foregoing reasons, non-party City of New York respectfully requests a pre-motion conference to discuss its anticipated motion to quash Plaintiff's subpoena directed to the DOC seeking a deposition pursuant to Fed. R. Civ. P. 30(b)(6).

---

[4] Defendants note that this purported justification would not explain why Plaintiff seeks testimony regarding recording of use of force incidents (topic #3), preparation of "Use of Force Reports" (topic #6), and officer discipline (topic #7).

Sincerely,

*Joshua A. Weiner*

Joshua A. Weiner
*Senior Counsel*

cc: All Counsel (VIA ECF)