AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| ANTOINE ROSS <br> *Plaintiff* | ) <br> ) |
| v. | ) Civil Action No. 16 Civ. 6704 (PAE) (KNF) |
| CAPTAIN DION WILLIS ET AL. <br> *Defendant* | ) <br> ) <br> ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: New York City Department of Correction
75-20 Astoria Blvd., East Elmhurst, NY 11370

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached exhibit.

| Place: MoloLamken LLP <br> 430 Park Avenue, Floor 6 <br> New York, NY 10022 | Date and Time: <br> 07/02/2020 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/02/2020

*CLERK OF COURT*

OR

_____     /s/ Sara Margolis
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Antoine Ross
_____, who issues or requests this subpoena, are:

Sara Margolis, 430 Park Avenue, Floor 6, New York, New York, (212) 607-8172, smargolis@mololamken.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 16 Civ. 6704 (PAE) (KNF)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Print**    **Save As...**    **Add Attachment**    **Reset**

Case 1:16-cv-06704-PAE-KNF   Document 117-1   Filed 07/13/20   Page 3 of 10

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

1.  "Person" includes all natural persons, and any business, legal, or governmental entity, including, without limitation, any corporation, company, or association.

2.  "Document" or "documents" includes, without limitation, any notes, drafts, agendas, memoranda, transactional or marketing material, letters, e-mails or other electronic data, reports, telegrams, publications, presentations, contracts, drawings, designs, data sheets, specifications, research, analyses, valuations, records, summaries, transcripts of recordings, videotapes, agreements, assignments, books, binders, accounts, photographs, business records, and electronic or computerized data compilations, relating or pertaining in any way to the subject matter to which the requests for production refer. A draft, non-identical copy, or identical document in a separate file or location, or maintained by a different custodian, is a separate document within the meaning of this term.

3.  "DOC" or "You" means the New York City Department of Correction.

4.  "Concerning" means relating to, referring to, describing, evidencing, or constituting.

5.  "Relating to" means directly or indirectly, in whole or in part, concerning, constituting, evidencing, recording, reflecting, substantiating, describing, summarizing, identifying, or referring to in any way.

## INSTRUCTIONS

1.  Each Document Request shall be construed as being inclusive rather than exclusive. Thus, words importing the singular shall include the plural; words importing the plural shall include the singular; the words "and" and "or" shall be construed conjunctively or

disjunctively as necessary to make the Document Request inclusive; the word "all" means "any and all" and the word "any" means "any and all."

2. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, as necessary, to bring within the scope of the Document Requests all responses that might otherwise be construed to be beyond their scope.

3. The use of capital letters, lower case letters, or quotation marks in the Document Requests shall not be construed to limit the scope of any specific Document Request contained herein.

4. In producing responsive documents, you should furnish all documents in your possession, custody, or control, regardless of whether such documents are possessed directly by you or your directors, officers, partners, members, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives, or investigators. A document is deemed in your actual or constructive possession, custody, or control if it is in your physical custody or if it is in the physical custody of any other Person and you (a) own such document in whole or in part; (b) have a right, by control, contract, statute, order, or otherwise to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such documents upon any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when you sought to do so.

5. If any portion of any document is responsive to any Request, then the entire document must be produced. If any requested document cannot be produced in full, produce the document to the extent possible, specifying each reason for your inability to produce the

remainder, and stating whatever information, knowledge, or belief you have concerning the portion not produced.

6. You shall produce any and all drafts of each document that is responsive to any Document Request, and any and all copies of each such document that are not identical in any respect, including but not limited to differences in handwritten notes, markings, stamps, interlineations, and electronic information.

7. Documents referred to herein shall include all portions or pages of each document referred to and all attachments, enclosures, appendices, and supporting documentation, including, without limitation, originals, copies, drafts, working papers, routing slips, handwritten notes, and similar materials (with or without notes or changes therein). Any document that is attached by staple, clip, electronic means, or otherwise to a document requested herein shall also be produced (attached in the same manner as the original) regardless of whether the production of that document is otherwise requested herein.

8. The documents produced in response to the Requests shall be produced as they are kept in the ordinary course of business and shall be organized so that Plaintiff can ascertain the files in which they were located, their relative order in such files, and how such files were maintained.

9. For any responsive document or portion thereof that is either redacted or withheld, in whole or in part, on the basis of any assertion of privilege or other asserted exemption from discovery, identify (a) the title or identity of the document; (b) the date of the document; (c) the type or nature of the document; (d) the identity, title, or responsibilities of all Persons who prepared, sent, or received the document; (e) the type and nature of the privilege or exemption asserted; (f) the number of pages of the document; and (g) the contents or subject

matter of the document, with sufficient detail to explain the basis for the privilege or exemption asserted (*see* Fed. R. Civ. P. 26(b)(5)).

10. In the event that any document requested herein was formerly in your possession, custody, or control and has been lost, destroyed, or otherwise disposed of, you are required to furnish a list identifying each such document, which list sets forth the following information with respect to each document:

(a) the title of the document and the nature and subject matter of its contents;

(b) the identity (or identities) of the Person(s) who prepared or authored the document; the custodian(s) of the document; and, if applicable, the Person(s) to whom the document was sent or was intended to be sent and the recipient(s) or intended recipient(s) of the document;

(c) the date on which the document was prepared or transmitted; and

(d) the date on which the document was lost, destroyed, or otherwise disposed of; the manner and conditions of and reasons for such loss, destruction, or other disposition; and the Persons requesting and performing the destruction or other disposition.

11. Documents not otherwise responsive to these Document Requests are to be produced if such documents mention, discuss, refer to, or explain the documents which are responsive to these Document Requests, or if such documents are attached to documents responsive to these Document Requests and constitute routing slips, transmittal memoranda, or letters, comments, evaluations, or similar materials.

12. In responding to these Document Requests, if you encounter any ambiguity in construing an individual Request or any definitions and instructions relevant thereto, set forth the matter or term deemed ambiguous and the construction used in responding to such Request.

## DOCUMENTS TO BE PRODUCED

**Request No. 1:** Documents sufficient to describe DOC's policies, procedures, and practices in effect on June 14, 2016 relating to the use of chemical agents, including but not limited to Chemical Agents Directive 4510 R-G.

**Request No. 2:** Documents sufficient to describe DOC's policies, procedures, and practices in effect on June 14, 2016 relating to the production of inmates for court, including but not limited to any policies, procedures, and practices relating to the refusal by an inmate to attend court.

**Request No. 3:** Documents sufficient to describe DOC's policies, procedures, and practices in effect on June 14, 2016 relating to recordation of or camera usage in connection with cell extractions, probe teams, uses of force, or anticipated uses of force.

**Request No. 4:** Documents sufficient to describe DOC's policies, procedures, and practices in effect on June 14, 2016 relating to Use of Force Reports, including the individuals who should generate a Use of Force Report, the time period within which a Use of Force Report should be generated, and the retention policies for Use of Force reports.

**Request No. 5:** Documents sufficient to describe DOC's policies, procedures, and practices in effect since June 14, 2016 relating to the discipline of corrections officers who commit more than one violation of DOC's rules, regulations, guidelines, directives, or similar requirements, including but not limited to any progressive discipline policies.

**Request No. 6:** All policies or procedures referenced in the Investigation Division's report on Case Number U2228/16 (the June 14, 2016 incident).

**Request No. 7:** All photographs or video footage taken of Plaintiff on June 14, 2016.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTOINE ROSS,<br><br>       *Plaintiff,*<br><br>   v.<br><br>CAPTAIN DION WILLIS, *et al.*,<br><br>       *Defendants*. | 16 Civ. 6704 (PAE) (KNF) |

### **DECLARATION OF CUSTODIAN OF RECORDS**

Pursuant to 28 U.S.C. § 1746, I, the undersigned, hereby declare:

My name is _____.

1. I am employed as the _____ [title] at _____ [name of office] and, by reason of my position, am authorized and qualified to make this declaration. I have held the position of _____ [title] from _____ [date] to present.

2. My business address is:

    _____
    _____.

3. I am the duly authorized custodian of the following described business records:

    _____
    _____
    _____.

4. I am in receipt of a Subpoena requesting specified records of the business named above. Pursuant to Rules 902(11) and 803(6) of the Federal Rules of Evidence, I hereby certify that the records provided herewith and in response to the Subpoena are true and correct copies of records that were:

   a. made at or near the time of the occurrence of the matters set forth therein, by, or from information transmitted by, a person with knowledge of those matters;

   b. kept in the course of regularly conducted business activity; and

   c. made by the regularly conducted business activity as a regular practice.

I declare under penalty of perjury that the foregoing is true and correct.

_____        _____
Custodian's Signature                                            Date

Definitions of terms used above:
As defined in Fed. R. Evid. 803(6), a "record" includes a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses. The term "business" as used in Fed. R. Evid. 803(6) and the above declaration includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.