AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| Antoine Ross | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 16 Civ. 6704-PAE-KNF |
| Captain Dion Willis, et al. | ) |
| *Defendant* | ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: New York City Department of Correction c/o Office of Corporation Counsel
100 Church Street
New York, NY 10007

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Exhibit A

| Place: MoloLamken LLP<br>430 Park Avenue<br>New York, NY 10022      [Or by remote means] | Date and Time:<br>07/15/2020 9:00 am |
|---|---|

The deposition will be recorded by this method: Stenographically and by video

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/19/2020

   *CLERK OF COURT*                                  OR

   _____                           /s/ Sara E. Margolis
   *Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Antoine Ross, who issues or requests this subpoena, are:

Sara E. Margolis, MoloLamken LLP, 430 Park Avenue, New York, NY 10022 / smargolis@mololamken.com / (212) 607-8172

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 16 Civ. 6704-PAE-KNF

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Print**   **Save As...**   **Add Attachment**   **Reset**

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTOINE ROSS, <br><br> Plaintiff, <br><br> v. <br><br> CAPTAIN DION WILLIS, et al. <br><br> Defendants. | Civil Action No. 16 Civ. 6704-PAE-KNF |

**EXHIBIT A**

Pursuant to Rules 45 and 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Antoine Ross, by and through his counsel of record, will take the testimony, on oral examination, of the New York City Department of Correction. The New York City Department of Correction shall designate one or more witness(es) knowledgeable to testify on its behalf with respect to each of the subject matters set forth below.

**DEFINITIONS AND INSTRUCTIONS**

1. "Correction officer" means any person employed by or performing duties on behalf of the New York City Department of Correction, including any person performing duties at the Otis Bantum Correctional Center.

2. "DOC" means the New York City Department of Correction.

3. "Policy" means any official or unofficial policy issued by, permitted by, or applicable to the New York City Department of Correction, including without limitation any policy specific to the Otis Bantum Correctional Center.

1

4. "Procedure" means any official or unofficial procedure required by, recommended by, prohibited by, or applicable to the New York City Department of Correction, including without limitation any procedure specific to the Otis Bantum Correctional Center.

5. "Practice" means any official or unofficial practice of or applicable to the New York City Department of Correction, including without limitation any practice specific to the Otis Bantum Correctional Center.

6. "Relating to" means directly or indirectly, in whole or in part, concerning, constituting, evidencing, recording, reflecting, substantiating, describing, summarizing, identifying, or referring to in any way.

7. The conjunctions "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the subject all responses that might otherwise be construed to be outside of its scope.

8. The use of the singular form of any word includes the plural and vice versa.

## DEPOSITION TOPICS

1. DOC's policies, procedures, and practices in effect on June 14, 2016, relating to the use of force by correction officers against inmates, including without limitation:

   a. Policies, procedures, or practices for training correction officers about the use of force, including how to use force, when force is appropriate, the types of force to be used, the consideration of alternatives to the use of force, and the consideration of an inmate's health;

   b. Policies, procedures, or practices to be followed or "required steps" to be taken before the use of force, or when a correction officer anticipates the use of force;

    c.    Policies, procedures, or practices relating to the consideration, attempt, or use of alternatives to the use of force, including the use of mental health professionals, extraction teams, or de-escalation strategies; and

    d.    Policies, procedures, or practices relating to the consideration of an inmate's health before using force against that inmate, including whether and how an inmate's health would preclude or limit the use of force and any requirement or recommendation to check for an inmate's "contra indicators" before using force.

2.    DOC's policies, procedures, and practices in effect on June 14, 2016, relating to the use of probe teams or extraction teams, including the situations in which the use of such teams is recommended or required.

3.    DOC's policies, procedures, and practices in effect on June 14, 2016, relating to the recording, use, or preservation of cameras, camera footage, or other audio or video recording devices by correction officers in the course of their duties, including without limitation:

    a.    The recording, use, or preservation of cameras, other recording devices, or camera footage in connection with cell extractions, probe teams, uses of force, or anticipated uses of force;

    b.    Which correction officers are recommended or required to use cameras or other recording devices;

    c.    The proper use of cameras and other recording devices, including any requirement or recommendation that the camera's view be unobstructed or that the recording capture the inmate or correction officers that are the

        subject of the video recording or who are reasonably anticipated to be involved in the use of force or anticipated use of force;

    d.    The situations in which correction officers are recommended or required to use cameras or other recording devices; and

    e.    The types of cameras or other recording devices permitted, suggested, required, or prohibited to be used.

4.    DOC's policies, procedures, and practices in effect on June 14, 2016, relating to the use of chemical agents against inmates, including without limitation:

    a.    Policies, procedures, and practices relating to when the use of chemical agents is permitted or appropriate, including without limitation:

        i.    The consideration of correction officer safety in the decision to use chemical agents on inmates;

        ii.    The types of chemical agents used or permitted, recommended, or required to be used; and

        iii.    Directives applicable to the use of chemical agents, including without limitation Directive 4510R-H IV. Guidelines A.1 and Directive 5OOR-C IV. C;

    b.    Policies, procedures, and practices for training correction officers on the use of chemical agents, including policies, procedures, or practices relating to the distance from the inmate chemical agents may be used, the use of chemical agents in confined spaces, and the use of chemical agents on inmates' faces;

4

       c.      Policies, procedures, and practices limiting or precluding the use of chemical agents on certain inmates for health or safety reasons;

       d.      Policies, procedures, and practices relating to the treatment or care of persons exposed to chemical agents, including without limitation the use of decontamination showers; and

       e.      Policies, procedures, and practices relating to correction officers' gear or equipment to be worn or used when chemical agents are used.

5.     DOC's policies, procedures, and practices in effect on June 14, 2016, for producing inmates to court, including policies, procedures, or practices applicable when an inmate refuses to be produced to court.

6.     DOC's policies, procedures, and practices in effect on June 14, 2016, relating to Use of Force Reports, including without limitation:

       a.      Which correction officers should generate Use of Force Reports;

       b.      By what means Use of Force Reports are generated, including without limitation whether Use of Force Reports should be typed;

       c.      The time period within which Use of Force Reports should be generated after the use of force;

       d.      The contents of Use of Force Reports;

       e.      The photographing of inmates in connection with Use of Force Reports; and

       f.      Retention policies, procedures, and practices for Use of Force reports.

7.     DOC's policies, procedures, and practices in effect on June 14, 2016, relating to the discipline of correction officers who violate DOC's rules, regulations, guidelines, directives,

or similar requirements, including without limitation any progressive discipline policies in the event of multiple violations.

Date:   June 19, 2020
        Suffolk County, New York

/s/ Sara Margolis
Sara E. Margolis
Lauren F. Dayton
430 Park Avenue
New York, NY  10022
(212) 607-8172
smargolis@mololamken.com
ldayton@mololamken.com
