July 24, 2020

**BY ECF**
Honorable Kevin N. Fox
USDC, Southern District of New York
40 Foley Square
New York, NY 10007

     Re: <u>Antoine Ross v. Captain Dion Willis, et al.</u>, 16-CV-6704 (PAE) (KNF)

Your Honor:

  Pursuant to Your Honor's Individual Rules, non-party the City of New York ("City") and Plaintiff submit this joint letter regarding the City's request for a pre-motion conference to discuss its anticipated motion to quash Plaintiff's subpoena directed to the New York City Department of Corrections ("DOC") seeking a deposition pursuant to Fed. R. Civ. P. 30(b)(6).

**I. City's Position**

  Plaintiff's proposed Rule 30(b)(6) deposition violates Fed. R. Civ. P. 26, as it is neither relevant nor proportional to the needs to the case. *First*, the deposition testimony Plaintiff seeks to elicit – testimony regarding DOC use of force policies and various other DOC policies -- falls squarely within the realm of <u>Monell</u> discovery, yet Plaintiff's <u>Monell</u> claim has been dismissed and he has no other claims against the City of New York. And while Plaintiff contends that DOC policies regarding the use of force demonstrate the standard of "objective reasonableness," Plaintiff is mistaken, as the Constitution and the binding case law interpreting the Constitution-- not DOC policies--sets the standard for objective reasonableness in a Section 1983 excessive force claim. See <u>Callahan v. Wilson</u>, 863 F.3d 144, 153 (2d Cir. 2017). *Second*, even if certain of DOC's policies regarding the use of force have some negligible relevance to Plaintiff's excessive force claim,[1] a sweeping Rule 30(b)(6) deposition is not proportional to the needs of the case. Because DOC has produced ***written policies regarding nearly every one of the topics noticed for the deposition***, Plaintiff is already in possession of the information he seeks by way of deposition, rendering Plaintiff's proposed deposition unnecessarily cumulative.[2] <u>See, e.g.</u>, <u>Janki Bai Sahu v. Union Carbide Corp.</u>, No. 04 Civ. 8825 (JFK), 2010 U.S. Dist. LEXIS 23860, at *9-10 (S.D.N.Y. Mar. 15, 2010) (denying Rule 30(b)(6) deposition where "deposition would be unreasonably cumulative or duplicative" of documentary evidence already produced."); <u>see also</u> Fed. R. Civ. P. 26(b)(1) (proportionality analysis includes "the parties' relative access to relevant information"). Furthermore, the City has produced the DOC Investigation Division's report regarding incident at issue, which sets forth the DOC policies applicable to the incident and DOC's analysis regarding whether such policies were violated. *Third*, a Rule 30(b)(6) deposition as sought by Plaintiff would be unduly burdensome given its irrelevance. Fed. R. Civ. P. 26(b)(1). In light of the overly broad nature of Plaintiff's proposed deposition, DOC would be

---

[1] In addition to DOC policies regarding the use of force, Plaintiff seeks DOC policies regarding "Use of Force Reports" and cameras because it "is relevant to show whether important evidence was spoliated by DOC or Defendants." However, Plaintiff fails to adequately explain why DOC written policies on DOC's document retention policies are insufficient. Further, whether non-party DOC spoliated evidence is irrelevant since, even if it did spoliate evidence (which it did not), its actions cannot be ascribed to the individual defendants and, importantly, there is no evidence that any individual defendant spoilated evidence.

[2] On June 2, 2020, Plaintiff served a subpoena *duces tecum* on DOC for 6 categories of documents purportedly relevant to his claims – the same topics listed in the Rule 30(b)(6) subpoena. In an effort to avoid a dispute, DOC produced the responsive policies, with the exception of its policies pertaining to officer discipline.

forced to prepare and produce no fewer than four deponents to cover all 7 topics and 23 subtopics[3] at a time when resources are already exhausted in light of DOC's obligation to respond to the ongoing global pandemic, and where the City is not a party.[4]

## II. Plaintiff's Position

DOC argues that Plaintiff's subpoena for a corporate deposition should be quashed because it is neither relevant nor proportional to the needs of the case. DOC's eleventh-hour request, *see* Dkt. 116 at 2, is wrong on both counts and should be rejected.

***First***, the testimony Plaintiff seeks is relevant. Contrary to DOC's assertion, departmental policies are relevant to whether an officer's actions were objectively reasonable, even if they are not dispositive. In *Brown v. City of New York*, the Second Circuit considered whether NYPD policies were violated "relevant" to an excessive-force claim. 798 F.3d 94, 101 (2d Cir. 2015). The *Brown* majority explicitly rejected the dissent's suggestion that the policies were "not relevant because the excessive force standard derives from the Constitution," *id.* at 101 n.11—the exact argument DOC advances. And DOC's policies are particularly relevant here. Those policies reveal that Defendants were permitted (or even required) to take alternative steps before resorting to force and to limit the force used. The policies thus bear on contested issues, including the need for force and any effort by Defendants to limit the amount of force used.

***Second***, the discovery Plaintiff seeks is proportional to the needs of the case. DOC's chief complaint on proportionality is that witness testimony would be cumulative. That is wrong as a matter of law: "[A] party should not be prevented from questioning a live corporate witness in a deposition setting just because the topics proposed are similar to those contained in documents provided." *Soroof Trading Dev. Co. v. GE Fuel Cell Sys., LLC*, No. 10 CIV. 1391, 2013 WL 1286078, at *5 (S.D.N.Y. Mar. 28, 2013). DOC's argument is also wrong as a matter of fact. Defendants testified at deposition that they believed aspects of the written policies did not apply to their interaction with Mr. Ross. Testimony from a corporate representative is necessary to establish which policies applied to the events giving rise to this action and why.

Moreover, Plaintiff is surprised to learn that the subpoena would purportedly force DOC to prepare four deponents. In the afternoon of July 13, DOC confirmed in response to a question from Plaintiff's counsel that it had not taken any steps to identify or prepare a witness for the July 15 deposition. Plaintiff learned for the first time—through DOC's letter filed later that evening, Dkt. 117 at 3—that more than one witness would purportedly be required. DOC has so far been unwilling to discuss the subpoena's scope, and it has certainly not explained to Plaintiff why one witness cannot cover the proposed topics. Regardless, Plaintiff stands ready to meet and confer with DOC regarding the subpoena's scope.[5]

---

[3] Contrary to Plaintiff's assertion below, the City did not represent on July 13 that it had "that it had taken no steps to identify or prepare a witness."

[4] The City certifies that it has conferred with Plaintiff in good faith to attempt to resolve this dispute, sending Plaintiff an email stating its objections on July 8 and attending a "meet and confer" on July 13. However, no agreement could be reached as to the scope of the proposed deposition, as, for the reasons stated above, the City maintains objects to the subpoena in its entirety.

[5] Defendants argue that certain topics are "not justified" even under Plaintiff's view. Plaintiff will withdraw his request regarding officer discipline (Topic 7), but is entitled to testimony on cameras and Use of Force reports. Testimony on those topics is relevant to show whether important evidence was spoliated by DOC or Defendants.

3

Sincerely,

 /s/   *Joshua A. Weiner*
JAMES E. JOHNSON
Corporation Counsel of the
City of New York
*Attorney for City of New York*
Of Counsel: Joshua A. Weiner
100 Church Street, Room 3-181
New York, New York  10007
(212) 356-2249
jweiner@law.nyc.gov

/s/ Sara E. Margolis
Justin M. Ellis
Sara E. Margolis
Lauren F. Dayton
MOLOLAMKEN LLP
430 Park Avenue, 6th Floor
New York, NY  10022
Tel.: (212) 607-8170
smargolis@mololamken.com

*Counsel for Plaintiff*

3