UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

ANTOINE ROSS,

                                       Plaintiffs,

         -against-

CAPTAIN DION WILLIS, ET AL.

                                       Defendants.

**DECLARATION OF JOSHUA A. WEINER IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS GEORGE AND GENOVES**

16 Civ. 6704 (PAE) (KNF)

-------------------------------------------------------------------------x

       Joshua A. Weiner, an attorney duly admitted to practice in the United States District Court for the Southern District of New York, declares, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am a Senior Counsel at the New York City Law Department, Office of the Corporation Counsel, and I make this declaration in support of defendants Sadoc Genoves's and Rochaurd George's motion for summary judgment pursuant to Fed. R. Civ. P. 56. I am fully familiar with the matters set forth herein. In support of his motion, Defendants Genoves and George submit the exhibits described below.

2. Annexed hereto as "Exhibit A" are true and correct excerpts of the transcript of the deposition of plaintiff Antoine Ross ("Plaintiff") taken on September 21, 2020. Plaintiff testified at his deposition regarding the circumstances of his June 14, 2016 refusal to go court and the resulting use of pepper-spray on him by defendant Captain Dion Willis ("defendant Willis"). Plaintiff testified that, on the morning of June 14, 2016, he refused to g to court. Eventually, a team of officers arrived at his cell to produce him to court.

The officers ordered Plaintiff to get up and place his hands behind his back; however, he refused to do so. When an officer took hold of Plaintiff's arm to place him in handcuffs, Plaintiff pulled his arm away. An officer warned Plaintiff that he had one more opportunity to comply or he would be sprayed. Plaintiff continued to refuse so he was sprayed with one, short, two-second burst of chemical agent. Plaintiff was escorted to the intake area for decontamination. Afterwards, Plaintiff was escorted to the medical clinic. No medical professional has told Plaintiff that the June 14, 2016 incident made his asthma more severe.

3. Annexed hereto as "Exhibit B" are true and correct excerpts of the transcript of the deposition of Correction Officer Rochaurd George ("defendant George") taken on July 10, 2020. Defendant Genoves testified that, on June 14, 2016, he was a member of the Otis Bantum Correction Center ("OBCC") probe team. In light of plaintiff's refusal to exit his cell for the purposes of appearing for court, the probe team was ordered to plaintiff's cell to produce him to court. When the probe team arrived they ordered plaintiff to get up and put his hands behind his back. Plaintiff repeatedly refused to comply and resisted by pulling his arm away when attempts were made to handcuff him. Defendant Willis warned plaintiff that, if he did not comply with their orders, he would be sprayed. After defendant Willis warned plaintiff, defendant George still had reason to believe that defendant Willis might not spray plaintiff even if plaintiff did not comply. In any event, plaintiff was sprayed because he did not comply. Defendant George applied flex cuffs to plaintiff, escorted him out of his cell, and to the intake area for decontamination.

4. Annexed hereto as "Exhibit C" are true and correct excerpts of the transcript of the deposition of Correction Officer Sadoc Genoves ("defendant Genoves") taken on August 6, 2020. Defendant Genoves testified that, on June 14, 2016, he was a member of the OBCC probe team. Defendant Genoves and the probe team were ordered to plaintiff's cell to produce him to court. When the probe team arrived they ordered plaintiff to get up and put his hands behind his back. Plaintiff repeatedly refused to comply and resisted by pulling his arm away when a member of the probe team attempted to handcuff him. Defendant Genoves regarded plaintiff's refusals to comply as somewhat of a threat. Defendant Willis warned plaintiff that, if he did not comply with their orders, he would be sprayed. Plaintiff was sprayed because he did not comply. Defendant Genoves applied flex cuffs to plaintiff, escorted him out of his cell, and to the intake area for decontamination.

5. Annexed hereto as "Exhibit D" are true and correct excerpts of the transcript of the deposition of Captain Dion Willis taken on July 14, 2020. Defendant Willis testified that, on June 14, 2016, he was a he was captain of the OBCC probe team. Defendant Willis and the probe team were ordered to plaintiff's cell to produce him to court. Defendant Willis was the only member of the probe team that was equipped with chemical agent. When the probe team arrived, defendant Willis and defendant George repeatedly ordered plaintiff to get up and put his hands behind his back. However, plaintiff repeatedly refused to comply and resisted by pulling his arm away when attempts were made to handcuff him. Defendant Willis warned plaintiff that he would give him one more opportunity to comply or he would spray him. Plaintiff was sprayed because he did not

comply. Defendants Genoves and George applied flex cuffs to plaintiff, escorted him out of his cell, and to the intake area for decontamination.

6. Annexed hereto as "Exhibit E" are true and correct excerpts of the transcript of the deposition of Captain Latonia Monroe ("Captain Monroe") taken on July 9, 2020. Captain Monroe testified that, on June 14, 2016, she was the housing area captain at OBCC. She was notified by a correction officer that plaintiff refused to be produced to court. As such, Captain Monroe went to plaintiff's cell to speak with him about his refusal. Plaintiff only stated that he did not want to go to court. Captain Monroe left plaintiff's cell and continued her morning duties, but went back to plaintiff's cell several times to produce plaintiff to court; each attempt was unsuccessful because plaintiff refused. Captain Monroe notified the tour commander of plaintiff's refusals.

7. Annexed hereto as "Exhibit F" is plaintiff's Fifth Amended Complaint ("FAC") in this matter. The FAC alleges, *inter alia*, that plaintiff was sprayed in violation of the Constitution.

8. Annexed hereto as Exhibit G" is a true and correct copy of an NYC Health & Hospitals Progress Note, dated August 11, 2016, completed by Charles Appiah, RPA. In these records, plaintiff's asthma was noted as "well-controlled."

9. Annexed hereto as "Exhibit H" is a true and correct copy of an NYC Health & Hospitals Progress Note, dated November 10, 2016, completed by Harjinder Bhatti, M.D. In these records, plaintiff's asthma is noted as "well-controlled."

10. Annexed hereto as "Exhibit I" is a true and correct transcript of the telephonic pre-motion conference held on November 23, 2020 in the instant matter.

11. Annexed hereto as "Exhibit J" is a true and correct copy of New York City Department of Correction Chemical Agents Directive 4510R-G, which was in effect on June 14, 2016. Chemical Agents Directive 4510R-G lists the anticipated effects of MK-9 chemical agent. Further, it states that removal of an inmate who has been exposed to chemical from the affected area is part of the "decontamination process."

12. Annexed hereto as "Exhibit K" is a true and correct copy of a New York City Department of Correction Arraignment and Classification Risk Screening Form, dated January 22, 2016. Per this document, plaintiff was classified as a maximum custody level inmate.

13. Annexed hereto as "Exhibit L" is a true and correct copy of New York City Department of Correction Use of Force Directive 5006R-C, which was in effect on June 14, 2016. The Use of Force Directive 5006R-C instructs correction officers using force on an inmate to attempt to "use non-contact control techniques such as hand-held chemical agents" before physically engaging with an inmate.

Dated: New York, New York
December 24, 2020

        JAMES E. JOHNSON
        Corporation Counsel of the
        City of New York
        *Attorney for Defendants Genoves and George*
        100 Church Street, Room 3-181
        New York, New York 10007
        (212) 356-2249

By:     /s/ *Joshua A. Weiner*
        Joshua A. Weiner
        *Senior Counsel*

cc: All Counsel (VIA ECF)