

Sara E. Margolis
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8172
F: 212.607.8161
smargolis@mololamken.com
www.mololamken.com

January 13, 2021

BY CM/ECF AND EMAIL

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re: *Ross v. Willis et al.*, No. 16 Civ. 6704: Request to File Materials Under Seal

Dear Judge Engelmayer:

We represent Antoine Ross *pro bono*. We write to respectfully request permission to temporarily file under seal certain portions of Mr. Ross's papers due tomorrow in opposition to Defendants' summary-judgment motions pending Defendants' decision whether to move to seal those materials permanently.

Mr. Ross makes this request solely to comply with the protective order entered in this case before his current *pro bono* counsel appeared. *See* Dkt. 104. Under the terms of that order, "[a]ny party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request." Dkt. 104 § 8. Further, the protective order states that "[n]o materials shall be filed under seal unless the Court has issued an order approving the filing." *Id.*

Mr. Ross's papers in opposition to Defendants' summary-judgment motions are due tomorrow, January 14, 2021. Dkt. 143 at 1. In those papers, Mr. Ross intends to cite and quote from materials that Defendants have designated as "Confidential Materials" under the protective order, including DOC investigation materials, Mr. Ross's medical records, Defendants' disciplinary records, and deposition testimony from DOC's Rule 30(b)(6) witness. *See* Ex. A (correspondence between counsel listing confidential materials). Mr. Ross does not wish to maintain these documents under seal permanently and does not believe that they satisfy the Second Circuit's standards for sealing. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006). Pursuant to Section 8 of the protective order, Mr. Ross thus requested that

Defendants withdraw their designation of these materials as "Confidential Materials." *See* Ex. A. However, Defendants have requested until January 22, 2021 to review those materials and decide whether to seek their permanent sealing.[1] *See id.*

As a result, Mr. Ross respectfully requests that the Court grant permission to file the affected materials under seal until January 22, 2021 so that Defendants can decide whether to move to seal those materials permanently. Mr. Ross reserves all rights to oppose permanent sealing of these materials if Defendants seek that relief. All Defendants have been consulted on, and agree to, this request.

We thank the Court for its consideration.

Respectfully submitted,

/s/ Sara E. Margolis
Sara E. Margolis

Granted. Plaintiff may file these materials under seal. By January 27, 2021, if defendants have not withdrawn their confidential designations, the parties are to submit a joint letter explaining each party's position as to whether the affected materials should remain under seal.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

January 14, 2021

[1] After Defendants requested until next week to decide whether to de-designate the materials, Mr. Ross asked Defendants to withdraw the confidential designation as to at least his own medical records. Defendants agreed to consider that request and may withdraw the designation as to those materials by tomorrow morning.